# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALLEN JOHNSON,**

    **Petitioner,**

v.                                          **CIVIL ACTION NO. 5:07cv139**

**TERESA WAID, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On October 22, 2007, in the United States District Court for the Southern District of West Virginia, *pro se* petitioner, Allen Johnson, filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. Because the petitioner's underlying conviction occurred in the Circuit Court of Hancock County, the matter was transferred to this Court. On November 20, 2007, the petitioner was granted leave to proceed *in forma pauperis*. On December 12, 2007, the undersigned issued a Hill v. Braxton notice.[1] The petitioner filed his response to the notice on December 27, 2007. Because it was still unclear whether the petition was timely, an Order was entered on January 31, 2008, directing the respondent to show cause on the limited issue of the timeliness of the petition. On March 3, 2008, the respondent filed her answer and a Motion to Dismiss with a Memorandum of Law and supporting exhibits. On March 4, 2008, a

---

[1] "When a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation..." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Roseboro Notice was issued, and on March 26, 2008, the petitioner filed a response to the Motion to Dismiss. On March 26, 2008, the respondent filed a reply to the response. This matter is now ripe for review.

## II. FACTS

### A. Conviction

On April 24, 2001, following a jury trial, the petitioner was found guilty of Felony Sexual Abuse in the First Degree, Abduction of a Person, Assault During the Commission of a Felony, and Sexual Assault in the Second Degree. (Doc. 13-2, p. 2). By order entered May 31, 2001, the petitioner was sentenced to 1-5 years in the penitentiary for Sexual Abuse in the First Degree, 3-10 years for Abduction of a Person, 2-10 years for Assault During the Commission of a Felony, and 10-25 years for Sexual Assault in the Second degree, to be served consecutively. The court further ordered that the petitioner serve 10-25 years in the penitentiary on the conviction for Sexual Assault in the Second Degree, suspended the other sentences, and ordered the petitioner placed on five years' probation for each remaining conviction. (Id.) Thereafter, the petitioner, by counsel, filed an Appeal with the West Virginia Supreme Court of Appeals which was refused on April 4, 2002. (Dckt. 13-3). The petitioner did not file a petition for certiorari in the United States Supreme Court.

### B. State Habeas Corpus

The petitioner filed a petition for writ of habeas corpus in the Circuit Court of Hancock County on January 16, 2004. (Doc. 13-4, p. 2). By order entered August 14, 2006, the circuit court denied the petition. (Id.). The petitioner, by counsel, appealed the circuit court's denial of habeas relief to the West Virginia Supreme Court of Appeals on March 20, 2007. The Supreme Court refused the appeal by ordered entered April 19, 2007. (Doc. 13-5, p. 2).

## C. Federal Habeas Corpus

**Petitioner's Contentions**

The petitioner raises eight assignments of error:

1. A kidnapping conviction where the confinement of the victim was merely incidental or ancillary to another crime that a defendant is charged and convicted upon cannot stand.

2. The trial court erred by sentencing the petitioner to consecutive sentence in violation of double jeopardy practices.

3. The failure of the trial court to try him in front of a jury of his peers and the make-up failed to provide a cross-section of the community and the procedures for compelling jury pools in Hancock violate the equal protection rights of African Americans in the community.

4. Failure of the trial court to afford the petitioner an adequate opportunity to hire counsel of his choice violated his 6th Amendment right to counsel applied to the states through the Due Process clause of the 14th Amendment.

5. Trial counsel provided ineffective assistance of counsel.

6. The trial court erred in denying the petitioner's motion for judgment of acquittal because the evidence was insufficient to support a guilty verdict.

7. The trial court committed numerous reversible errors violating the petitioner's state and constitutional rights to equal protection and due process of law due to the cumulative effect of errors committed by the court and trial counsel.

8. Juror made improper comments thus denying the petitioner a fair trial before an impartial jury.

**Respondent's Motion to Dismiss**

The respondent argues that petitioner's §2254 petition should be dismissed because it was not filed within the applicable statute of limitations period as set forth in § 2244(d).

**Petitioner's Response to the Motion to Dismiss**

The petitioner argues that he is entitled to the application of equitable tolling due to the fact that his counsel misled him about the appropriate time to file his § 2254 as well as his inability to access the law library while he was housed in the regional jail.

**Respondent's Reply**

The respondent contends that limited access to legal resource materials has not been held to be grounds for equitable tolling.

## III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which petitioner's judgment became final is relevant in determining the statute of limitations.

Petitioner was sentenced on May 31, 2001, and the West Virginia Supreme Court denied his Appeal on April 4, 2002. He did not file a petition for certiorari in the United States Supreme Court. Therefore, Petitioner's conviction became final on July 3, 2002, the date the time for seeking direct review expired, and absent a tolling event, the date on which the petitioner could file a timely §2254 petition under the statute ended on July 3, 2003.

The petitioner did not take any action between July 4, 2002 and July 3, 2003 which tolled the statute. Although the petitioner did file a Rule 35(b) motion for modification of his sentence on April 29, 2002, which was denied on July 9, 2002, a motion for reduction of sentence under

5

Rule 35(b) of the West Virginia Rules of Criminal Procedure is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), and thus does not toll the limitations period under ADEPA.  Walkowiak v. Haines, 272 F.3d 234 (4th Cir. 2001). Furthermore, although the petitioner appears to assert that the Rule 35(b) motion was filed in regards "to the court reviewing the **assignment of error** of his conviction" (Doc. 10, p. 2; emphasis in original), the motion contains no claim of error.  Rather, it simply seeks a modification of his penitentiary sentence to a grant of probation. (Doc. 13-6, p. 2).  Therefore, the Rule 35(b) motion did not toll the statute,[2] and the state habeas corpus petition was not filed until January 16, 2004, after the one year limitations period had ended.  Thus, petitioner's state habeas petition did not toll the one year limitations period.  Consequently, unless the petitioner is entitled to equitable tolling, his §2254 petition is clearly untimely, having been filed more than four (4) years  after the statute of limitations had expired.

Because the time limit to file a § 2254 petition is a statute of limitations, it is subject equitable principles such as tolling.  However, equitable tolling is only available under very limited circumstances.  As noted by the Fourth Circuit:

> The doctrine has been applied in 'two generally distinct kinds of situations. In the first, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant.  In the second, extraordinary circumstances beyond petitioners' control made it impossible to file the claims on time.'....We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

---

[2]Even if the Court were to construe the 35(b) motion as a tolling event, the petitioner's time for filing a timely § 2255 petition would only have been extended 71 days, or until September 12, 2003, and the instant § 2255 motion would still be untimely.

In the instant case, the petitioner alleges that he delayed filing his state habeas corpus petition until after the ruling on his 35(b) motion and did so in reliance upon advise from his court appointed counsel. However, there is no constitutional right to counsel in state post conviction proceedings, Coleman v. Thompson, 501 U.S. 722, 752 (1991), and a lawyer's mistake or negligence does not constitute justification for equitable tolling. Harris, supra at 331 ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding"); accord, Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003).

The petitioner also argues that equitable tolling should apply because his access to the law library was restricted by overcrowding and prison procedures which limited his access to the library while he was housed in the regional jail.[3] Although access to legal materials for prison inmates is a constitutional right, allegations regarding insufficient library access, standing alone, do no warrant equitable tolling. Miller v. Marr, 141, F.3d 976, 978 (10th Cir. 1998). See also Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998)(holding that equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations); Grayson v. Grayson, 185 F.Supp.2d 747, 751 (E.D. Mich. 2002)(holding the alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling; Jones v. Gundy, 100 F.Supp.2d 485,

---

[3]More specifically, the petitioner alleges that from the time his appeal was denied and his time to file under the ADEPA ran, he was unable to access the law library to adequately research his case. The petitioner further alleges that the prison facility only allotted one hour per day in the library and did do have competent staff to assist inmates in using the computers.

488 (W.D. Mich. 2000)(holding the right of access to the courts has never been equated with the access to legal materials).

Therefore, because the statute of limitations had expired on July 3, 2003, and there is no event which tolled the statute of limitations nor has the petitioner established a basis for equitable tolling, this § 2254 petition was filed more than four (4) years after the statute of limitations had expired and is, therefore, untimely.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the respondent's motion to dismiss (dckt. 13) be **GRANTED**, and the petition filed pursuant to 28 U.S.C. §2254 be **DENIED and DISMISSED WITH PREJUDICE** because it is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all

counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

Dated: April 1, 2008

       /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**