IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLEN JOHNSON,

    Petitioner,

v.                                       Civil Action No. 5:07CV139
                                                      (STAMP)

TERESA WAID, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Allen Johnson, an inmate at Huttonsville Correctional Facility in Huttonsville, West Virginia, was convicted by a jury in the Circuit Court of Hancock County, West Virginia on April 24, 2001 of felony sexual abuse in the first degree, abduction of a person, assault during the commission of a felony, and sexual assault in the second degree. The petitioner was sentenced to one to five years of imprisonment for felony sexual abuse in the first degree, three to ten years for abduction of a person, two to ten years for assault during the commission of a felony, and ten to twenty-five years for sexual assault in the second degree, to be served consecutively. The petitioner's sentences for felony sexual abuse in the first degree, abduction of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

a person, and assault during the commission of a felony were suspended and the petitioner was placed on probation for each of these offenses. The petitioner was ordered to serve the ten to twenty-five year sentence of imprisonment for the conviction of sexual assault in the second degree. The petitioner filed a direct appeal, but his appeal was refused by the West Virginia Supreme Court of Appeals on April 4, 2002. He did not file a petition for certiorari in the United States Supreme Court.

On January 16, 2004, the petitioner filed a petition in the Circuit Court of Hancock County for post-conviction habeas corpus relief. The state court denied the petitioner's habeas petition on August 14, 2006. The petitioner appealed the denial of his state habeas petition to the West Virginia State Court of Appeals on March 20, 2007. His appeal was refused on April 19, 2007.

On October 22, 2007, the petitioner filed this petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.[2] The matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13. Because it appeared that the petition was

---

[2]The petitioner initially filed his federal petition in the United States District Court for the Southern District of West Virginia. Because the petitioner was convicted in the Circuit Court of Hancock, West Virginia, this matter was transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of West Virginia.

untimely, the Court entered an order directing the respondent to file a response on the limited issue of timeliness. The respondent filed an answer to the petition and a motion to dismiss as untimely, to which the petitioner responded. Thereafter, Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2254 application be denied as untimely. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposes a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides in pertinent part that:

The limitation period shall run from the last of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition in a timely manner. Specifically, the magistrate judge found that the petitioner's federal habeas petition is untimely because more than four years passed between the expiration of the petitioner's time to file a federal habeas petition and the date that the petitioner filed this petition. The magistrate judge also found that the petitioner's filing of a motion for modification of his sentence pursuant to West Virginia Rule Criminal Procedure 35(b) does not constitute a tolling event because it is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). The petitioner's conviction became final on July 3, 2002, the date upon which the deadline for filing for a writ of

certiorari to the United States Supreme Court expired. The one-year limitations period for filing a federal habeas petition began to run on that day and ran, uninterrupted by any tolling event, until July 3, 2003, when the limitations period expired.[3] The present petition was not filed until October 22, 2007 and is therefore untimely.

The petitioner argues that despite its untimeliness, his petition should nevertheless be considered timely under the doctrine of equitable tolling because he had limited access to the law library and was therefore unable to adequately research his case, and because he relied on his counsel's advice to delay the filing of the state habeas corpus petition until a ruling on his Rule 35(b) motion. The magistrate judge found that the petitioner is not entitled to equitable tolling under these circumstances.

The petitioner objects to the magistrate judge's conclusion that equitable tolling does not apply. Although the petitioner appears to concede that reliance on counsel's advice is not a basis

---

[3]The petitioner's state habeas petition did not toll the one-year limitations period because that petition was filed on January 16, 2004, after the limitations period had expired on July 3, 2003. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Further, the petitioner's Rule 35(b) does not constitute a tolling event, but even if it did, the tolling period would have been a total of seventy-one days, thereby making the deadline for this § 2254 petition September 12, 2003. Therefore, this federal habeas petition, filed as it was on October 22, 2007, would still be untimely.

5

for equitable tolling, he maintains that his limited access to the law library while he was detained in the regional jail justifies equitably tolling AEDPA's statute of limitations.

This objection is without merit. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

Here, the petitioner argues that he was unable to "adequately" research his case. (Pet'r's Mem. of Law in Supp. of Pet'r's Timely Resp. to Habeas Corpus 2.) He asserts that the difficulty involved in researching legal authority establishes the requisite extraordinary circumstances to warrant equitable tolling. Specifically, he points to the jail's requirement that a request form be completed in advance, the possibility that a time limit of one hour of research per day may be imposed, the lack of "competent" staff members to help inmates use the computers, and the frequent functional failure of the computers. The petitioner does not allege that he was denied all access to the law library,

and this Court finds that the limitations the petitioner alleges may be imposed do not constitute the type of "extraordinary circumstances" necessary to justify equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In light of the petitioner's failure to file his petition for a writ of habeas corpus pursuant to § 2254 within the limitation period, and given the absence of circumstances warranting equitable tolling, his petition must be denied as untimely.

III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. The respondent's motion to dismiss the petition as untimely filed is GRANTED. It is ORDERED the petitioner's § 2254 petition be DENIED as untimely and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue

a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE